DA 13-0284

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 286N

IN THE MATTER OF:

A.A.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte/Silver Bow, Cause No. DN 12-07
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Carolynn M. Fagan, Fagan Law Office, P.C., Missoula, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General; Katie F. Schulz, Assistant
Attorney General, Helena, Montana

        Mark Vucurovich, Henningsen, Vucurovich & Richardson, P.C., Butte,
Montana

Submitted on Briefs:  September 18, 2013
Decided:  October 1, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Birth mother M.A. appeals from an order of the Second Judicial District Court, Silver Bow County, terminating her parental rights to her child, A.A.  We affirm.

¶3      The following issues are raised on appeal:

¶4      Whether the District Court abused its discretion in terminating M.A.'s parental rights.

¶5      Whether M.A. received effective assistance of counsel.

¶6      M.A. is the birth mother of A.A., born in 2012.  A.A. was removed from M.A.'s care at the hospital four days after birth.  M.A. appeared delusional at times and was observed to have difficulty holding and bonding with the infant.  A.A. tested positive for marijuana at delivery, and M.A. admitted to using marijuana during her pregnancy.  A.A. had a slight heart murmur and uncoordinated suckling at the time she was discharged from the hospital.

¶7      M.A. was previously involved with the Montana Department of Public Health and Human Services from 2008 to 2009, when another child was removed from her care due to neglect.  M.A. failed to comply with four treatment plans in that case, and the child was ultimately placed with his birth father.

¶8      In a hearing on April 11, 2012, M.A. stipulated that A.A. was a youth in need of care, and temporary legal custody was granted to the Department.  Treatment plans were approved

for M.A. on May 15, 2012, and August 7, 2012. M.A. did not comply with the treatment plans. She failed two parenting classes and was not consistent in attending therapy, maintaining contact with the Department, or submitting to drug testing. The Department filed a petition to terminate M.A.'s parental rights on February 1, 2013.

¶9 At a hearing on February 20, 2013, the District Court heard extensive evidence about M.A.'s mental health and ability to care for A.A. Dr. Susan Day performed a psychological evaluation and found that M.A. had a long history of mental illness. She described M.A.'s condition as chronic and unlikely to get better. Jolyne Tescher, a child protection specialist, testified that M.A. had trouble focusing on simple tasks like changing and feeding A.A. Kim Polich, who supervised M.A.'s visitation, testified that her ability to understand the baby's cues had not improved after nearly a year of intervention. Mary Watson, a counselor assigned by the Department, testified that M.A. had potential to improve with time, and recommended continued supervised visitation and therapy. Sherry Bersanti, M.A.'s personal therapist, testified that M.A. had made progress, but admitted to having concerns about her objectivity in the case. The District Court found that M.A. "has chronic mental health issues that significantly affect her ability to parent," and that her condition was unlikely to change within a reasonable time. The District Court terminated M.A.'s parental rights on March 29, 2013.

¶10 A district court's decision to terminate parental rights is reviewed for abuse of discretion. *In re D.B.*, 2007 MT 246, ¶ 16, 339 Mont. 240, 168 P.3d 691. Findings of fact are reviewed for clear error and conclusions of law for correctness. *In re A.D.B.*, 2013 MT 167, ¶ 27, 370 Mont. 422, 305 P.3d 739.

¶11 A court may order termination of parental rights upon a finding of clear and convincing evidence that the child is an adjudicated youth in need of care, an appropriate treatment plan has not been complied with or not been successful, and the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA. In determining whether the conduct or condition of the parent is unlikely to change, the court considers any mental illness or deficiency that would render the parent unable to provide for the child's physical, mental, and emotional needs within a reasonable time. Section 41-3-609(2)(a), MCA. The court must give primary consideration to the needs of the child. Section 41-3-609(3), MCA.

¶12 M.A. argues that the District Court abused its discretion by disregarding the testimony of Watson and Bersanti. In fact, the District Court specifically considered the testimony. The District Court acknowledged that Watson and Bersanti had observed some improvement, but not enough to enable M.A. to safely parent A.A. The District Court relied on Watson's testimony that M.A. would require several months of further intervention. The District Court fairly considered all of the testimony and did not abuse its discretion.

¶13 M.A. next argues that she received ineffective assistance of counsel. A parent has the right to effective assistance of counsel in adjudication and termination proceedings. *In re J.J.L.*, 2010 MT 4, ¶ 17, 355 Mont. 23, 223 P.3d 921. The effectiveness of counsel is evaluated according to training, experience, and quality of advocacy. *In re A.S.*, 2004 MT 62, ¶ 26, 320 Mont. 268, 87 P.3d 408. M.A. argues that her first attorney should not have stipulated to the adjudication of A.A. as a youth in need of care. M.A. admits, however, that she did not object to the Department's involvement at that time. She also argues that her

4

second attorney was inexperienced and failed to raise proper objections. That attorney was accompanied by co-counsel, and the record fails to show that his performance was deficient. We find that M.A. has not demonstrated ineffective assistance of counsel.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. It is manifest on the face of the briefs and the record that there was no abuse of discretion.

¶15 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS

5